(Decided 29th January, 1886.)

ARTEMUS DONELSON *vs.* MARY POLK, by her Hus-
band and next friend, ROBERT M. POLK.

*Assignee of Lease—When liable for Breaches of Covenant—*
*Privity of Estate—When the Remedy is at Law, and when*
*in Equity—Estoppel.*

The liability of an assignee of a term to the original lessor, or those
claiming under him, grows out of the privity of estate, and such
liability continues only so long as such privity of estate exists.

So long as the privity of estate continues, the assignee is liable upon
all covenants *that run with the land,* such as covenants for the pay-
ment of rent, and of taxes assessed upon the premises; and for any
breach of such covenants, the lessor may sue him during the con-
tinuance of the assignment.

But when he severs his relation to the land, he puts an end to his
liability for any future breaches of the covenants contained in the
lease, whether such covenants be expressed or implied.

An action at law cannot be maintained after the assignment, in re-
spect to breaches of covenant committed by the assignee during
the time of his holding. The remedy in such case is in equity.

The facts in this case were held not to create an estoppel.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. The record contains the following agreed statement of facts:

It is admitted in this case that Artemus Donelson, the defendant, became the assignee of the leasehold interest created by the lease from Robert M. Polk and wife to John J. Kennedy, on the 17th day of June, 1873, by deed of assignment from John S. Tyson, trustee, and as such assignee remained in possession of said property, receiving the rents, income and profits thereof, so far as said property yielded any rents, income or profits, until the 8th of December, 1878, on which day he conveyed said leasehold estate to one Archibald H. Rowand, by deed of assignment, said deed being made subject to a certain mortgage to one Hippolyte Dalmon, and also to all arrearages of ground-rent and taxes which said Rowand thereby assumed and agreed to pay. That during the time said Donelson was in possession of said leasehold interest, there accrued and became due to the complainant three semi-annual instalments of ground-rent under the terms of said lease viz., one hundred and eighty dollars, due the 1st of August, 1877; one hundred and eighty dollars, due the 1st of February, 1878, and one hundred and eighty dollars, due the 1st of August, 1878; the whole of which remained due and unpaid at the time of the assignment from Donelson to Rowand above mentioned, and none of which has been paid to the complainant, except the sum of $138.00, which is to be credited as of the 25th of March, 1879, and was recovered under a distraint——instituted since. That while said Donelson was possessed of said leasehold interest as aforesaid, taxes for the year 1877 were levied, and became due upon said property, as follows, viz., $10.57 to the State of Maryland, and $101.58 to the Mayor and City Council of Baltimore; and taxes for the year 1878 were levied on said property, as follows: To the State of Maryland $10.81, and to the Mayor and City Council of Baltimore, $104.13; none of which were

paid by said Donelson, and all of which were paid by the complainant on the 16th of May, 1879—as appears by the bills and receipts therefor. That the complainant was advised of the assignment by Donelson to Rowand of said property, subject to said mortgage, and all ground-rent and taxes due, and that said Rowand permitted said property to be sold under said mortgage, which sale was made by Charles E. Hill, trustee, under a decree of this Court, on the 27th day of February, 1879, for five dollars, subject to all taxes and ground-rent, a statement of which was furnished by said trustee at the sale, and that the said R. M. Polk was present at said sale ; that all back taxes and ground-rent due were assumed by the purchaser, and became part of the consideration for said purchase.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Charles H. Stanley*, for the appellant.

*Wm. A. Hammond*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The bill in this case was filed against the appellant to compel him to account for and pay over to the appellee as lessor, certain arrearages of ground-rent, which accrued due while the former was owner and possessor of the leasehold estate, as *assignee* thereof, and which leasehold premises he afterwards assigned ; and also to compel him to reimburse the appellee the amount of taxes that accrued due during the time of the holding of the premises by the appellant as such assignee,—such taxes having been subsequently paid by the appellee.

There is no dispute in regard to the amount claimed, and for which the decree below was rendered ; and all the material facts of the case have been ascertained by agree-

ment, and which facts it is unnecessary to repeat here. It may, however, be proper to state, that the lease of the premises by the appellee to Kennedy, the original lessee, is for ninety-nine years, and is dated the 22d of July, 1868; and that the annual rent reserved is $360, payable in equal half-yearly instalments, with covenant on the part of the lessee .to pay all taxes that might be thereafter levied either on the premises demised or the rent reserved.

The appellant resists recovery against him in this case upon two grounds: 1st. That a Court of equity has no jurisdiction to decree against him in respect to the claim made ; and, 2d. That the appellee is estopped from asserting her claim against him.

1. The principle of law is a familiar one, that the liability of an *assignee* of a term to the original lessor, or those claiming under him, grows out of the privity of estate, and that such liability continues only so long as such privity of estate exists. So long as the privity of estate continues, the assignee is liable upon all covenants that *run with the land,* such as covenants for the payment of rent, and of taxes assessed upon the premises (*Lester vs. Hardesty,* 29 *Md.*, 50); and for any breach of such covenants, the lessor may sue him during the continuance of the assignment. But as his liability springs altogether from his relation to the land, it follows that when he severs that relation he puts an end to his liability for any *future* breaches of the covenant contained in the lease, whether such covenants be expressed or implied. In regard to this there is no question or conflict of authority. But though the liability of the assignee for future breaches is terminated upon assignment by him, the question whether the remedy, *after* the assignment, in respect to breaches of covenant committed by the assignee during the time of his holding, can be had by *action at law,* or can only be sought in equity, is one in regard to which

there is conflict of authority. In England, it has been held that the assignee is liable in an action at law for breach of covenant running with the land, incurred in his own time, though the action was not commenced until after he had assigned the premises. *Harley vs. King*, 2 *Cr. M. & R.*, 18. And the same principle has been fully sanctioned by the Supreme Court of New York, in *Quackenboss vs. Clark*, 12 *Wend.*, 557. But in this State it has been settled by our predecessors, that such action at law, if not brought before the assignee divests himself of the estate, cannot be maintained against him. This was held in the case of *Hintze vs. Thomas*, 7 *Md.*, 346, which was an action of covenant brought against the assignee of a lease *after* he had assigned over, for rent falling due subsequent to the assignment to him, and before the assignment over ; and consequently the direct question of the right to maintain the action at law was presented, and the Court held it could not be maintained. And though the question of the right to relief in equity was not necessarily involved, yet the Court gave sanction to and founded its judgment upon the authorities which maintain that the remedy is in equity, in a case like the present, and not at law. After referring to and quoting some of the authorities upon the subject, which hold that an action at law will not lie against the assignee after the privity of estate has ceased, the Court refer to and quote from the opinion of Baron ALDERSON, in *Fagg vs. Dobie*, 3 *You. & Coll.*, 96, this passage : "But though this be so, yet equity will give relief as to antecedent rent due, or antecedent breaches of covenant committed at the time the party was liable for them, although by his subsequent assignment the remedy at law is gone." From this, and what is stated in *Platt on Covenants*, at page 495 to 503, the Court deduced the conclusion that the action at law would not lie. This case of *Hintze vs. Thomas* has been referred to with approval in subsequent cases, (*Mayhew vs. Hardesty*, 8 *Md.*, 479 ;

*Lester vs. Hardesty,* 29 *Md.,* 50,) and without saying, if this were a new question, that we should hold, as was held in *Hintze vs. Thomas,* that the action at law could not be maintained, yet there is very ample authority in support of the proposition, that equity will take cognizance of and afford relief in such case as the present. *Treackle vs. Coke,* 1 *Vern.,* 165; *City of London vs. Richmond,* 2 *Vern.,* 421; *Philpot vs. Hoare, Amb.,* 480, *S. C.,* 2 *Atk.,* 219; *Valliant vs. Dodemeed,* 2 *Atk.,* 546. As the right of action had accrued during the holding of the assignee, and that right of action *at law* had been defeated by the action of the assignee, in assigning his interest in the term, it is but right that there should be a remedy in some form, and that remedy is afforded by a Court of equity.

It is contended, on the part of the appellant, that this resort to a Court of equity is unnecessary, inasmuch as the appellee had ample remedy, by re-entry and forfeiture of the lease, for the non-payment of the rent in arrear. But it is a settled principle that a Court of equity will never require that a party should insist upon a forfeiture as a remedy; and moreover, it is the absolute right of the appellee to insist upon *the performance of the covenants* of the lease, or compensation in damages for the breach thereof, by those upon whom such covenants are binding, by reason of their relation to the estate.

2. The question of estoppel raised against the appellee, clearly has no foundation in fact to support it. There is nothing shown in the proof that the appellant was induced to act, in reference to the estate, or the rent and taxes claimed, in any manner to his prejudice, by the declaration or act of the appellee purposely made or done to effect such result; and in the absence of clear proof to show such to have been the case, there is no ground whatever for the application of the principle of estoppel in such a case as this. The facts agreed upon, as set out in the last paragraph of the agreed statement of facts, cer-

tainly furnish no ground for concluding the appellee, in respect to the claim now made against the appellant. And the proof appears to be clear in negation, of what seems to be a suspicion on the part of the appellant, that there was collusion between the appellee and her niece, Mrs. Packham, in effecting the purchase of the property by the latter, at the trustee's sale made on the 27th of February, 1879.

The decree of the Court below must be affirmed.

*Decree affirmed.*

(Decided 3rd February, 1886.)