(Decided June 29th, 1898.)

---

## MARIA REID *vs.* JOHN F. WIESSNER BREWING COMPANY.

*Liability of Assignee of Lease for Rent—Waiver of Condition against Assignment of Term without Consent of Lessor—Departure in Pleading.*

When there is a condition in a lease against the assignment of the term without the consent of the lessor, and such consent is given to one assignment without any restriction as to future assignments, the condition is waived altogether and the assignee may assign the term without the consent of the lessor.

The liability of the assignee of a term to the original lessor for rent is founded on privity of estate, in the absence of express agreement, and continues only so long as that privity exists; when such assignee makes a new assignment of the term to a third party he ceases to be liable for rent to the lessor.

The declaration set forth defendant's liability for rent, as assignee of a term founded on privity of estate. Plea, that before suit brought defendant had assigned the term to a third party. Replication, that the assignment to the defendant was made subject to the conditions of the lease which prohibited an assignment without the consent of the lessor and which contained a covenant to pay the rent. *Held*, that the replication was bad on demurrer because a departure, the declaration founding defendant's liability on privity of estate and the replication relying upon a contract.

The assignment of a lease " with all its covenants, terms and conditions " does not impose upon the assignee any liability for rent other than that growing out of privity of estate.

Appeal from the Superior Court of Baltimore City (RITCHIE, J.).

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and PEARCE, JJ.

*C. Dodd McFarland* (with whom was *Peter I. Campbell* on the brief) for the appellant.

*Thomas S. Baer* and *John M. Requardt* (with whom was *J. Fred. Requardt* on the brief) for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This suit was instituted in the Superior Court of Baltimore City by the appellant against the appellee. The appellant by a deed under seal leased to one Charles Miller certain premises for the period of five years from September the fourteenth, eighteen hundred and ninety-five, at and for an annual rent of twelve hundred dollars payable in equal monthly instalments. Miller covenanted to pay the rent, and he likewise covenanted that he would not assign or sub-let the premises without the written permission of the lessor. On the same day the lessee, with the written assent of the lessor given by her agent, assigned the lease, " with all its covenants, terms and conditions," to the appellee, a body corporate. On June the thirtieth, eighteen hundred and ninety-seven, the appellee assigned the lease to John W. Jones. This suit was brought on August the fourth, eighteen hundred and ninety-seven, to recover from the appellee four instalments of rent which fell due in April, May, June and July, eighteen hundred and ninety-seven. To the declaration three pleas were filed. The first and second need not be alluded to. The third, after confessing the assignment of the lease by Miller to the appellee, averred

by way of avoidance, that after such assignment and *before* suit brought, the defendant, now the appellee, by a proper instrument, assigned all its rights and interest in the lease to one John W. Jones. To this plea a demurrer was interposed, but was overruled. Thereupon three replications were filed to the same plea. Upon the first there was a joinder of issue, and to the second and third the defendant demurred. This demurrer was sustained. The case then proceeded to trial. At the close of the evidence each party presented one prayer for instruction to the jury. The plaintiff's prayer was rejected; the defendant's was granted. The verdict and judgment were rendered for the defendant and the plaintiff has appealed.

The declaration presents the case of a lessor suing an assignee of a lease for the non-payment of rent covenanted to be paid by the lessee. That and that alone is the cause of action declared on.

The liability of an assignee of a term to the original lessor for rent grows out of and is founded on the privity of estate, in the absence of an independent agreement; and such liability continues, when dependent upon privity of estate alone, just so long as that privity exists. During the continuance of that privity the assignee is liable upon all covenants that run with the land, such as covenants for the payment of rent and the like, and for any breach of such covenants the lessor may sue the assignee during the continuance of the assignment. As his liability, in the absence of an independent agreement, arises wholly from his relation to the land, it results and is everywhere held, that when he severs that relation, he puts an end to his liability for any *future* breaches of covenants contained in the lease; and it is equally well settled in this State, though a different doctrine prevails in some other jurisdictions, that *an action at law* by a lessor against an assignee for a breach of a covenant running with the land, if not brought *before* the assignee divests himself of the estate, cannot be maintained against him at all. *Hintze* v. *Thomas*, 7 Md. 346; *Donelson* v. *Polk*, 64 Md. 504; *Bixler* v. *Con-*

*sumers Ice Co.*, 84 Md. 437. In the last-cited case, whilst the doctrine just announced was recognized and reaffirmed, the assignee was held liable, not *as* assignee, or by reason of the assignment, but solely in consequence of a distinct, independent agreement between the lessor and the assignee.

This being the extent of an assignee's liability to the original lessor where no independent agreement is relied on, and the declaration in the pending case, proceeding, as it does, wholly and exclusively upon the liability arising out of the privity of estate existing between the lessor and the assignee; the plea which confessed the assignment but set up by way of defence that the privity of estate had been terminated by the subsequent assignment to Jones *before* the suit had been brought, presented, if true, a complete and an insuperable bar to the action. There was obviously, then, no error in overruling the demurrer interposed to it. And this brings us to the second and third replications that were demurred to by the defendant.

The second replication avers that the brewing company did not, with the consent in writing of the plaintiff, assign all its right and interest in the lease to Jones. We are dealing now entirely with the pleadings. The declaration alleges that Miller, the lessee, covenanted that he would not assign nor sub-let the premises without the written permission of the lessor; and it further alleges that Miller did with the written consent of the lessor, assign the lease with all its covenants, terms and conditions, to the brewing company. The covenant prohibiting an assignment was, as is conceded by and alleged in the declaration, unqualifiedly waived when the assignment was made by Miller, and having been *thus* waived, that is, waived without the superaddition of a restriction on subsequent assignments, it was gone forever and therefore was not binding on the brewing company. This principle was announced as early as the reign of Elizabeth in *Dumpor's case*, 4 Coke 119. Whilst SIR JAMES MANSFIELD observed that the profession had always wondered at *Dumpor's case*, still he held in *Doe*

v. *Bliss,* 4 Taunt. 736, that the decision had " been law
so many centuries that " it could not be reversed.  Later
decisions have carried the doctrine even farther than as
applied in *Dumpor's case,* for it is held that whether the
license to assign be general, as in *Dumpor's case,* or par-
ticular as " to one particular person subject to the per-
formance of the covenants in the original lease," still the
condition is gone in both instances and the assignee
may assign without license.  *Brummel* v. *Macpherson,*
14 Ves. 173; *Taylor's Land. and Ten.,* sec. 410.  The
restriction having been waived by the lessor as to the
assignment made by Miller, the lessee, the brewing
company was not bound by that restrictive covenant,
and consequently no assent on the part of the lessor to
the assignment by the brewing company to Jones was
necessary; and such assent not being necessary the as-
signment made without it was perfectly valid.  The
replication, then, in setting up the want of such assent,
when no assent was requisite, was clearly bad and the
demurrer to it was properly sustained.

The third replication avers that by an assignment
under seal dated September the fourteenth, eighteen
hundred and ninety-five, and executed by Miller, the
lessee, Mrs. Reid, the lessor, and the brewing com-
pany, the assignee, said lease with all its covenants, terms,
and conditions, was assigned and set over to the brew-
ing company.  This was demurred to.  If it was de-
signed by this replication to set up and to rely on an
independent agreement between the lessor and the as-
signee, and thus to found a right of recovery on a dis-
tinct contractual relation between them, it is bad, as a
replication, because a clear departure.  And it is a
departure because the declaration proceeds upon the
single ground of a liability arising out of the privity of
estate and not out of a privity of contract.  The replica-
tion presented no issue at all if it did not mean this, for
it merely repeated precisely what had been admitted in
the plea and averred in the declaration.  There was cer-
tainly, therefore, no error in sustaining the demurrer
to it.

The prayers are brief and read as follows: Plaintiff's prayer: " That the paper dated June 30th, 1897, and offered in evidence, does not operate as an assignment of the lease assigned to defendant, dated Sept. 14th, 1895." This was rejected. Defendant's prayer: " The jury are hereby instructed that the uncontradicted evidence in this case being that the defendant, on the 30th day of June A. D. 1897, assigned the lease offered in evidence in this case to John W. Jones, their verdict must be for the defendant." This was granted. The assignment of the lease by Miller to the brewing company is in these words: " For value received, and as security for a loan, with the consent of the landlord, I hereby assign and set over this lease with all its covenants, terms and conditions to the John F. Wiessner and Sons Brewing Company of Baltimore City, a body corporate." And the assignment by the brewing company to Jones is thus set out in the record: " For value received the John F. Wiessner and Sons Brewing Company doth assign the above mortgage or security for loan, and all its rights, title and interest therein, to John W. Jones," etc. It was strenuously insisted in the argument that the terms of the assignment by Miller included an express covenant on the part of the brewing company to pay the rent; and that, therefore, the case fell within the principle laid down in *Bixler* v. *Ice Co.*, *supra.* To this we cannot agree. Assuming that this question is brought before us by the *prayers*—though it obviously is not by the *pleadings* as we have already pointed out—the contention is wholly untenable. There is certainly no undertaking, promise or agreement in express terms, on the part of the brewing company to pay the rent which Miller specifically covenanted to pay; and unless the assignment of the lease, " *with all its covenants, terms and conditions,*" has a wider scope than a bare assignment unaccompanied by the words in italics would have had, there is no independent agreement binding the company at all. These words, " *with all its covenants, terms and conditions,*" add nothing to the legal effect of the assignment. They certainly are not

contractual words of the *assignee*. They embody no promise *by* the brewing company *to* the lessor. They are simply words of *description* and not words of *contract,* and they impose no greater obligation on the brewing company than would have existed had they been entirely omitted from the assignment. *Wahl* v. *Barroll,* 8 Gill 288; *Walveridge* v. *Steward,* 30 E. C. L. R. 312. In *Bixler's case* there was a distinct agreement on the part of the assignee to perform all the covenants of the lease which the lessee had undertaken to perform; and the suit was brought on *that* agreement, and the liability was not made to rest solely and exclusively upon the privity of estate, as it is in this case.

This view of the legal effect of the assignment by Miller, and the conclusions we have reached and expressed upon the questions of pleading first discussed, cover all the issues presented by the record, and sufficiently indicate that there was no error committed in the rulings on the prayers for instruction to the jury. The judgment will, therefore, be affirmed.

*Judgment affirmed with costs above and below.*

(Decided June 30th, 1898.)