Wildey Lodge No. 21, I. O. O. F., v. City of Paris et al.

Decided March 18, 1903.

**1.—Lease—Assignment—Waiver of Objection to.**

Where a lease contains no provision permitting it, an assignment thereof is subject to the statutory prohibition against subletting without the consent of the lessor (Rev. Stats., art. 3250); but where two assignments of a lease were made, and the lessor made no objection until twenty years after the first and fifteen years after the second, his right of objection was waived.

**2.—Same—Consideration—School Lease.**

Where the only consideration of a lease was the continued maintenance on the premises of a school for the white youths of the county and country, and a city, as assignee of the lease, maintained a school there for the white youths of the city, to the character of which no objection was made for fifteen years, the lessor will be held to have received from the city the consideration contracted to be rendered.

**3.—Same—Pleading—Invalidity of Assignment.**

Where a lessor sued to recover leased property, an allegation that the lessee had assigned the lease to an unincorporated educational association incapable of receiving or holding the property, but without alleging any ground of incompetency, such allegation was not sufficient to show the invalidity of the assignment.

**4.—Same—Repudiation of Lessor's Title—Cancellation.**

Where an assignee of a lease repudiates the lease, denies the title of the lessor and asserts title in himself, his possession ceases to be rightful, and the lessor is entitled to recover the premises.

Appeal from the District Court of Lamar. Tried below before Hon. Ben H. Denton.

*Hale & Hale* and *William Hodges,* for appellant.

*Burdett & Connor* and *Moore, Park & Birmingham,* for appellees.

TEMPLETON, Associate Justice.—This suit was brought by Wildey Lodge No. 21, Independent Order of Odd Fellows, against the city of Paris and the board of trustees of the public schools of said city. The record does not show the exact date of the filing of the original petition, but it is to be inferred that the same was filed in 1901. On April 17, 1902, the plaintiff filed its second amended original petition. As this appeal turns upon the legal sufficiency of the said petition, it becomes necessary to state the substance thereof, which will be done as briefly as possible.

It was alleged in said petition that the plaintiff is a duly incorporated private corporation, with authority to receive, hold and convey real estate, and own, conduct, manage and control institutions of charity and learning, and to act as trustee for such purposes; that in 1868 it acquired certain lots situated in the city of Paris and is now the owner thereof. It was further alleged that on April 16, 1878, the plaintiff, being desirous of assisting in the education of the children of the county, leased said premises for a nominal consideration to J. B. Lyle,

an educator of high standing, for the purpose of having a school taught there of the kind that would carry out its desire to provide educational opportunities for the youths of Lamar County and the country; that said lease was for the term of ninety-nine years and gave to said Lyle the privilege of erecting buildings on said property suitable for school purposes; that among other things the lease contained a stipulation that the premises were to be used for the purpose of maintaining and keeping thereon a school for the instruction and education of the white youths of the country; that the lease was signed and acknowledged by the parties thereto, and was duly recorded in 1879.

It was further alleged that the said Lyle took possession of said premises under and by virtue of said lease, and conducted thereon the school provided for until December 21, 1880, when he attempted to transfer his right in said lease to the W. B. Aikin Institute, an unincorporated association or stock company that was incapable of receiving or holding property, or of being a trustee of any kind, or of becoming a lessee of real estate for any purpose; that the said Lyle continued to conduct the required school on said premises until June 23, 1884, when he permanently abandoned the premises and failed and refused to further maintain or keep a school on said premises, and has never since that time maintained or kept any school on said premises, or caused the same to be done by anyone else, and has never, since that time, asserted or claimed any right, title or interest in said property for any purpose whatever, but has wholly abandoned the same.

It was further alleged that on the said 23d day of June, 1884, W. B. Aikin and O. C. Conner, assuming to act as president and secretary of the Aikin Institute, without authority, executed an instrument in writing purporting to convey and assign all the rights of the institute in said lease to the city of Paris; that said assignment contained a stipulation that said premises were to be used for the purpose of maintaining thereon a school for the education of the white youths of the city, exclusively; that the city accepted said assignment, and, acting thereunder, took possession of the said premises, and caused the assignment to be recorded as evidence of its right to the possession of the premises and its authority to conduct a school thereon; that the city continued to occupy said premises and to claim under the said assignment until after the institution of this suit.

It was further alleged that the said assignments of the said lease were made without the knowledge or consent of the plaintiff, and that the assignees at the time of the execution and acceptance of the assignments had notice, both actual and constructive, of the terms of the original lease and of the rights of the plaintiff. It was further alleged that the city conducted on said premises a school for the education of white youths of the city of Paris within the scholastic age from the date of the assignment to it until 1899, when it abandoned the premises for school purposes and let the same as a place for storing merchandise; that after this suit was begun the city resumed the use of the

premises for school purposes for the sole purpose of defeating a recovery by the plaintiff.

It was further alleged that after the institution of this suit, the city disclaimed and repudiated the title of the plaintiff, and it is claiming to own and hold the premises in its own right, and is denying that the plaintiff has any right, title or interest in or to the said premises.

The plaintiff prayed for a decree for the recovery of the title and possession of the said premises, and for a cancellation of the assignment to the city as a cloud upon the plaintiff's title and right of possession.

A general demurrer and two special exceptions which set up the statute of limitations in bar of the plaintiff's action were presented and urged by the defendants. The demurrer and exceptions were sustained by the court, and the plaintiff declining to amend, judgment final was thereupon entered against it, and this appeal followed.

At common law, in the absence of a covenant to the contrary, the lessee may assign the lease without the consent of the lessor. Such assignment is, however, prohibited by article 3250 of the Revised Statutes of this State, and, under this statute, unless the lease contains a stipulation permitting an assignment, none can be legally made without the assent of the lessor. When the lease is silent on the subject, as in this case, the statute becomes a part of the contract, and the lease will be construed as would a lease at common law which contained a provision prohibiting an assignment. Forrest v. Durnell, 86 Texas, 647. The lessor may, however, waive such provision, and where he does so, the assignment is valid and the assignee becomes the lawful tenant of the lessor for the term of the lease, and his rights as tenant can not be thereafter avoided or questioned. Forrest v. Durnell, supra; Menger v. Ward, 87 Texas, 622; Wood, Landl. & Ten., sec. 323. Such assignee would not be a tenant at will or by sufferance, but a tenant for the term of the lease, and his right and liabilities would be governed and controlled by the provisions of the lease.

Applying these rules to the case in hand, the conclusion is reached that if appellant acquiesced in and ratified the assignments in question, it can not now be heard to say that the assignments were unauthorized and void. There was an allegation in the petition that the assignments were made without the knowledge or consent of appellant, but it is evident that appellant must have learned thereof soon after the same were made. The first assignment was made more than twenty and the second more than fifteen years before the institution of this suit, and no complaint appears to have been made before the suit was filed. Acquiescence in the assignments for such period of time is indicative of assent and ratification. Consent may be inferred from the acceptance of rent from the assignee. In this case no rent was paid in money, but none was owing. The consideration for the lease was the maintenance of a school on the leased premises, and the city has attempted to comply with this obligation of the contract. If appellant, with knowledge of

the facts, permitted the city to carry on the school it maintained on the premises from 1884 to 1889, without objection, it is too late now to complain of the school as not being of the character required by the lease, and appellant must be held to have received from the city the consideration contracted to be rendered. Maddox v. Adair, 66 S. W. Rep., 811.

Our conclusion is that the facts alleged in the petition show an implied assent, on the part of appellant, to the assignments of the lease, and acquiescence in the school conducted by the city as being the school required by the contract. In view of this holding, it becomes unnecessary to consider the question of limitations.

We have not overlooked the allegation in the petition to the effect that the Aiken Institute was incapable of accepting an assignment of the lease. No ground of incompetency was alleged, and we know of no reason why an unincorporated association should be held disqualified from acting in the capacity assumed by Aikin and his associates. It was not charged that the city was incapable of receiving an assignment of the lease, and none of the parties to the assignments are complaining of the incapacity of the assignees. We do not believe that the incompetency of the Aikin Institute was alleged in such way as to affect the validity of the assignments.

The title to the lots in controversy is in appellant, and if, as alleged in the petition, the city has repudiated the lease, abandoned its rights thereunder, denied the title of appellant and asserted title in itself, then its possession has ceased to be rightful and appellant is entitled to the relief sought. The petition stated a good cause of action in this respect, and the demurrers were therefore improperly sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*