FRED v. MOSELEY et al.

(Court of Civil Appeals of Texas. Dallas. March 23, 1912. Rehearing Denied April 13, 1912.)

1. LANDLORD AND TENANT (§ 76*) — PROVISION AGAINST SUBLETTING WITHOUT CONSENT—WAIVER.

A provision in a lease, in the language of the statute against subletting without the lessor's consent, may be waived by the lessor, and any such waiver also applies to the statutory prohibition.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 225–230; Dec. Dig. § 76.*]

2. VENDOR AND PURCHASER (§ 232*) — BONA FIDE PURCHASER—NOTICE.

A purchaser of premises in possession of a tenant holding under a sublease, containing no restriction as to subletting, is chargeable with notice of the rights of the tenant, and cannot rely on the original lease stipulating against subletting without the landlord's consent, where the stipulation had been waived.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–562; Dec. Dig. § 232.*]

3. JUDGMENT (§ 250*) — CONFORMITY TO PLEADINGS—GROUND FOR INJUNCTION.

Where a purchaser of premises in possession of a tenant and a subtenant sought an injunction on the ground that they were committing waste and intended to carry on an obnoxious business, he was not entitled to relief as against the subtenant on the ground that the lease stipulated against subletting without written consent.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. § 250.*]

4. LANDLORD AND TENANT (§ 134*)—RIGHTS OF TENANT—STIPULATIONS OF LEASE.

A lease containing no stipulation as to the character of the business that may be carried on on the leased premises gives the tenant the right to conduct therein any business not prohibited by law, and for which the premises are adapted, and he may operate a moving picture show on the premises, in the absence of any prohibitory statute or ordinance.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 482–486; Dec. Dig. § 134.*]

5. LANDLORD AND TENANT (§ 134*)—WRONGFUL ACTS BY TENANTS—EQUITABLE RELIEF.

Where a tenant proposed to make small changes in the building so as to adapt it to his business, and the lease provided for a return of the premises at the end of the term in as good condition as when leased, the landlord was not entitled to enjoin the tenant from making changes, in the absence of anything to show his inability to respond in damages for failing to return the premises in proper condition.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 482–486; Dec. Dig. § 134.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by L. Fred against O. J. Moseley and others. From an order dissolving a temporary injunction and refusing to grant another, plaintiff appeals. Affirmed.

A. P. McKinnon and Morrow & Morrow, all of Hillsboro, for appellant. Wear & Frazier, of Hillsboro, for appellees.

RAINEY, C. J. This is an appeal from an order dissolving a temporary injunction and the refusal of the court to grant another.

Plaintiff in his original petition alleged, in substance: That he was the owner of a business house used for mercantile purposes, having purchased it from M. and J. Levy on March 16, 1911. That prior thereto, to wit, September 1, 1909, the Levys had leased to one Woodall for the term of three years the lower floor of said building, by the terms of which Woodall was prohibited from subletting the same without the written consent of the said Levys. That defendants were occupying said building as subtenants, and were preparing to install therein a moving picture show which was an extra hazardous business, and would increase the insurance rate on said building and his two adjoining buildings. That he would not object to defendants occupying the building for mercantile purposes, but by the installing of a moving picture show therein it will increase his insurance about $180, and that he is liable to sustain loss from fire. That the lease from the Levys was in writing, and duly assigned to him. That defendants were committing wastes by changing and altering said building, and an injunction was prayed for. A temporary injunction was granted, but subsequently dissolved. Whereupon, by permission of the court, plaintiff filed an amended original petition, by which the firm of Beavers, Sanders & Kirkpatrick were made parties defendant, setting out his purchase of the property from the Levys, the lease to the Woodalls with the clause against subletting and the subsequent assigning of said lease to said Beavers, Sanders & Kirkpatrick, and plaintiff acquiesced therein in recognition of said assignment. That the said Beavers, Sanders & Kirkpatrick were using said building for mercantile purposes. That without plaintiff's consent said firm had sublet to the Moseleys, and that they intended to operate therein a moving picture show, and, upon learning thereof, he protested and notified them not to do so, etc. The risk of fire, increase in insurance rates, commitment of waste, etc., were also alleged with a prayer for an injunction. Upon a hearing

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

an injunction was refused, and plaintiff appeals.

The evidence shows that M. and J. Levy were the owners of the building in controversy in 1909, when they leased by written contract the lower story to John C. and Ed Woodall for a term of three years from September 1, 1909, and ending August 31, 1912, for the consideration of $60 per month, and containing the usual stipulation, among others, the following: "Sixth. The party of the second part is not to sublet the said premises, or any part thereof, without written permission from the party of the first part." Also: "Eighth. I hereby agree and bind myself, my heirs, assigns or executors to carry out all the agreements to this lease." When the Levys conveyed to appellant on March 16, 1911, they transferred said lease by indorsing thereon the following: "We, M. and J. Levy, for a valuable consideration to us paid, receipt of which is hereby acknowledged, hereby assign unto L. Fred of Waco, Texas, our entire right, title and interest in and to the within lease." A few days after the Woodalls entered into the lease contract with the Levys, they, with the Levys' verbal consent and acquiescence, leased to one Robey by deed in writing said premises. In said writing there was no restriction in reference to subletting the premises. Robey subrented the premises to Bratcher & Tarbutton, and they occupied the premises until March, 1910. Prior to the subrenting by Robey, there had been operated in said building a picture show and Bratcher & Tarbutton conducted therein the same business. Beavers, Sanders & Kirkpatrick took over Robey's lease contract. The Moseleys sublet from Beavers, Sanders & Kirkpatrick. After the Moseleys took possession, and had begun altering the interior so as to make it suitable for the picture show business, they were notified by appellant, through an agent, that appellant objected to the operation of a picture show in the building. Moseley proceeded to fix the building to suit his business, and he did so by taking out the show windows in front that had been put there by a former tenant, putting in two partitions of lumber, one in the back and one in the front, and putting in the front an operating room built with steel and on the outside with lumber, and under the operating room is the ticket office built of lumber. He had permission to finish the work he had begun after the injunction was served. He had done work to the value of $125. With the exception of the prohibitive clause as to subletting in the Woodalls' lease, the matter was never mentioned or alluded to between the parties in making subsequent leases, nor did any of them ever hear of the matter. The Levys knew of said subleasing, and made no objection thereto. The premises were leased to Beavers, Sanders & Kirkpatrick when appellant bought, and he accepted rents from them.

The question arises, Was there a waiver of the clause in the Woodalls' lease contract relating to subletting as far as appellant is concerned? We think so.

[1] We think there can be no question but the owner of property can waive the right to insist on such a stipulation in a lease contract. Wildey Lodge v. City of Paris, 31 Tex. Civ. App. 632, 73 S. W. 69. It is contended that, though there may have been a waiver by the Levys of the stipulation relating to subletting, it does not apply to appellant, as he had no notice of said waiver, and the statute prohibits a subletting, unless consented to by the owner. The contract in this respect merely embraced the law and the waiver relating to the contract also applied to the provision of the statute. Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481.

[2] Beavers, Sanders & Kirkpatrick having leased the land, they held it free from the stipulation in the Woodall contract relating to subletting, and, being in possession, appellant was put on notice as to their rights. "No assignee or subtenant will be heard to say he was ignorant of the terms on which the lessee held possession." The appellee in this case is not denying any of the terms of the lease of Woodall. While the written lease as first made contained a stipulation as to subletting, it had been abrogated by a waiver, and, having been waived, it cannot again be ingrafted unless by mutual consent. Railway Company v. Keahey, 37 Tex. Civ. App. 330, 83 S. W. 1102; Reid v. Brewing Co., 88 Md. 234, 40 Atl. 877.

[3] Under the law as we understand it, Beavers, Sanders & Kirkpatrick had the right to sublet to appellees. Appellant by his first original petition sought an injunction on the sole ground that appellees were committing waste and intended carrying on a business obnoxious to him. There was no objection to appellees as not being suitable persons, but it was expressly stated therein "that he would not object to the defendants occupying said building for mercantile purposes." This being shown by the evidence, we think the question of subletting is eliminated from the case, and the right of appellant to an injunction rests upon the other grounds alleged, that of an obnoxious business and wastes.

[4] In neither of the contracts made for lease of the premises, nor for subletting, was there any stipulation regarding the character of business that should be carried on in the building. This being so, the tenants had the right to conduct therein any kind of business not prohibited by law, and for which the building was adapted. The business of operating a moving picture show is not shown to be in violation of any state statute or ordinance of the city of Hillsboro. This business had been conducted in the building for a period before this and during the existence of the lease contract without any objection on the part of the owner.

[5] The appellees rented the premises for the purpose of conducting therein a moving picture show. They were innocent of any legitimate objection thereto. They were making some small changes in the building adapted to the use for which it was to be put. The lease contract provided for a return of the building at the end of the lease in like good condition as when leased. There was no proof that the Woodalls or the appellees were unable to respond in damages if said stipulation was not complied with.

Under the circumstances, we think the trial court did not err in refusing to grant an injunction; and the judgment is affirmed.