# MANO SWARTZ

*vs.*

## HARRY W. MEIER et al., Trading as H. W. Meier & Company.

*Estoppel of Landlord—Improvements by Tenant.*

A landlord who encouraged the tenant to make improvements for the purpose of conducting a new business on the premises, and made no objection until large sums had been expended by the tenant and he had embarked on the new business, was estopped to assert that the making of the improvements and the conduct of the new business on the premises involved the breach of covenants of the lease. p. 76

*Decided February 5th, 1920.*

Appeal from the Circuit Court of Baltimore City (Gorter, J.).

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Urner and Stockbridge, JJ.

*Warren A. Stewart* and *Hyland P. Stewart,* for the appellant.

*Richard E. Preece* and *Charles F. Stein,* with whom was *Frank E. Welsh, Jr.,* on the brief, for the appellees.

Briscoe, J., delivered the opinion of the Court.

This appeal is taken from a decree of the Circuit Court of Baltimore City, passed on the 25th day of June, 1919, dismissing the plaintiff's bill of complaint, for an injunction for the purpose of restraining the defendants, as co-partners, from using certain demised property for other purposes than those stipulated in a lease, and alleged to be in violation of the terms and covenants of the lease.

The case was heard upon bill, answer and proof, and it will be necessary to briefly state some of the controlling facts disclosed by the record on which our determination of the case must rest.

The lease in question is dated the 11th day of September, 1915, and was executed by Mrs. Bernice M. McFadden, of the State of Iowa, the owner of the property, leasing to the defendants, the appellees here, the property called No. 101 West Lexington Street, in the City of Baltimore, for the term of five years, with privilege of renewal, beginning on the 11th day of September, 1915, at the rental of three thousand nine hundred and six 71/100 dollars per annum, payable in equal monthly instalments of three hundred and twenty-five and 56/100 dollars, on the eleventh day of each month for the preceding month's rent. The lease also reserved as additional rent certain increase in taxes and cost of elevator repairs.

The lease contains, among others, the following covenants and restrictions, to wit: To pay the rent when due; that they will not assign the lease or sublet the demised premises in whole or in part without the written consent of the lessor; that the lessees will use the premises for the purpose of conducting the stamping and fancy goods business; that at the expiration of the term of five years, surrender and yield up the premises unto the lessor, her heirs and assigns in as good order and condition as the same may now be in or be put in during the term of five years, usual wear and tear excepted. The lessees also covenanted that they would do nothing to contravene or impair the policy or policies of insurance on the premises and that they would not make any alterations to the premises without the written consent of the lessor, and any improvements made shall become the property of the lessor. It was also agreed that, at the expiration of this lease, the lessees shall have the privilege of making a new lease for the property, for an additional term of five years, but at a rent of four thousand dollars per annum, plus any increase of taxes because of an increase of assessment

over the present assessment and plus one-half of the cost of installation of the elevator, as provided in the lease.

On January 24th, 1918, a contract of sale for the property was made between Mrs. McFadden, the then owner, and the appellant at the sum of seventy thousand dollars ($70,-000.00) subject to the outstanding lease held by the appellees. The deed for the property was executed on the 17th of August, 1918, and the lease thereafter duly assigned to the appellant.

The bill of complaint filed by the appellant charges in substance that the appellees have violated and broken certain covenants and conditions of the lease, as set out in the bill and the relief asked by the prayer of the bill, is: First, that the defendants be enjoined and strictly prohibited from the further misuse and abuse of the property; that they be further required to immediately restore the premises to their former condition and to cease carrying on the business now carried on therein, and to limit themselves to the carrying on of the business as provided by the lease and, upon their failure so to do at once, that the lease may be cancelled and annulled, and the defendants be required to surrender possession of the property to the plaintiff. Second, that upon failure to restore the premises and to cease the business, that he may be allowed such compensation for the damage to his property, and for the violation of the covenants of the lease, before the same is annulled and declared void, as the Court may think just and proper in the premises.

The defendants, in their answer to the bill, deny that they have violated any valid or effective covenant or restriction of the lease, but admit that they have given up the stamping and fancy goods business conducted by them, sold out all the stock and fixtures pertaining thereto, and have opened in the place thereof an ice-cream and confectionery business; that the improvements and alterations of the property complained of were made with the consent and the entire approval of the then owner of the building; that the plaintiff saw the improvements after they were made and complimented the ap-

pellees on the fine appearance of the building; that the rent for the property was always paid promptly to the former and present owner, and that the improvements greatly enhanced the value of the building and in no way injured the property.

The testimony presented by the parties upon the issues of facts raised by the pleadings is set out in the record, and we do not deem it sufficient to entitle the plaintiff to the relief sought by the bill.

Assuming there was a breach of some of the restrictive covenants of the lease, as claimed by the plaintiff, it is plain from the proof that the conduct of the plaintiff during the progress of the improvements amounted to a waiver, and he is now estopped from asserting a forfeiture of the lease by reason thereof or to the relief sought by the bill.

The general principles of law applicable to the facts of the case, are well settled and beyond dispute.

In 16 *Cyc.* 791, it is said "where a person with actual or constructive knowledge of the facts induces another by his words or conduct to believe that he acquiesces in or ratifies a transaction, or that he will offer no opposition thereto, and that other, in reliance on such belief, alters his position, such person is estopped from repudiating the transaction to the other's prejudice." *Carmine* v. *Bowen,* 104 Md. 204.

In *Hawes* v. *Favor,* 161 Ill. 440, the Supreme Court of Illinois held that a landlord who allows his tenant to expend large sums of money in valuable and lasting improvements, without objection or inquiry as to the intent in respect to violation of covenants, is estopped to assert a forfeiture of the lease because of such improvements, where no substantial damage results from the alteration.

In the present case the record shows that the covenant of the lease as to the change of business, the alterations, and the improvements put in the building, were waived by Mrs. McFadden and her agents, and their assent obtained by the appellees before the new business was started and before they proceeded to make the necessary changes and improvements.

The appellant had full knowledge of the progress of the new business and of the improvements as they were put upon the building, and offered to assist the appellees in procuring money for the improvements and the new business. Besides this, he collected the rents from the property from the date of the purchase, after full knowledge of the alleged breach, and waits until the appellees have spent $8,000 on the premises and changed their business and now seeks to have the lease cancelled and annulled, the appellees' business destroyed, and the property returned to him.

As was said by this Court in *Carmine* v. *Bowen*, 104 Md. 207: "The landlord will not now be allowed to assert a claim which he failed to make at a time when a spirit of frankness and fair dealing required him to reveal it, if he honestly thought he was entitled to it. He must be held to be estopped to deny what he tacitly admitted. Whatever rights he may have had he is estopped to assert in a Court of Equity."

In *Dermott* v. *Wallach*, 68 U. S. (1 Wall.) 61, it is said, receiving rent with a knowledge of a breach in a lease, or levying a distress for the rent, or in any other way consenting to a continuance of the term, is a waiver of the breach. *Reid* v. *Weisner*, 88 Md. 234; *Standard Brewing Co.* v. *Weil*, 129 Md. 487; *Gear on Landlord and Tenant*, 196.

It appears also that the new business and its customers will in no way injure the property, but the improvements will enhance its value and no damage will result therefrom.

For the reasons stated, it follows that the decree dismissing the plaintiff's bill must be affirmed.

*Decree affirmed, with costs.*