# BALTIMORE CITY COURT.

Filed November 21, 1928.

### THE COMMERCIAL SAVINGS BANK
### VS.
### HYMAN COHEN.

*Daniel Ellison* and *Avrum K. Rifman* for plaintiff.

*A. B. Makover* and *Jacob Kartman* for defendant.

STEIN, J.—

This action in assumpsit was brought to recover moneys the plaintiff lent the defendant; evidenced by his two overdue promissory notes for five hundred dollars each. Two general issue and two special pleas were filed; the third special plea set up a discharge in bankruptcy; the fourth special plea set up the defense of usury to part of the plaintiff's claim; as a replication to the third plea, the plaintiff set up defendant's promise to pay made after the discharge; and as a replication to the fourth plea, set up an order of the referee in bankruptcy deciding that the plaintiff's claim was usurious in a sum less than the amount named

in the plea; the defendant demurred to each replication.

The demurrer to the fourth replication was abandoned; that to the third replication insisted upon because a departure from the cause of action named in the declaration.

In 3 Thomas Coke, pages 345 and 346, side pages 303 b, note P. I., and page 304, it is said:

"The replication must support the declaration and the rejoinder must support the plea without departing out of it."

1 Poe's Pleading, Secs. 683 and 747, after discussing many cases on the question of departure, states:

"The rule deducible from the cases is that the pleadings of the plaintiff must all sustain and support the case made in the declaration; and that all pleadings of the defendant must be consistent with the defense taken in the plea; and that unless they are thus compatible, they will be liable to objection on general demurrer."

"Each successive, ultimate step shall be consistent with and corroborate the ground antecedently taken by the same party."

The Court of Appeals of Maryland has applied the doctrine of departure in several cases; the first, decided in the July Term. 1721, is: Lord Proprietary vs. Cockshut, 1 H. & McH. 40.

Other cases are: Harper vs. Hamilton, .1 H. & J. 453; Burroughs vs. Clark, 3 Gill. 196; Hanover vs. Brown, 77 Md. 64 at 76; Reid vs. Wiessner, 88 Md. 234 at 238.

This doctrine of departure was applied in Williams vs. Dyke, Peak's Report 68.; Actions of Assumpsit for Goods Sold and Delivered: Plea of Discharge in Bankruptcy. In answer to which, at the hearing, the plaintiff's counsel contended that after discharge, defendant promised to pay. Defendant's counsel said that such evidence could not be given under the count for goods sold; and that the plaintiff should have declared specially on the new promise.

The Court adopted the plaintiff's contention.

Shipley vs. Henderson, 14 Johnson 178.

Action for goods sold and delivered; and for money had and received.

Pleas; non-assumpsit; and discharge in insolvency; replication new promise after discharge. Demurrer thereto.

In passing on the demurrer the Court said:

"The question that arises in this case is, whether the plaintiff may declare upon the original cause of action or whether he is bound to declare specially on the new promise. I think the proper way is to declare on the original cause of action.

"The replication is no departure from the declaration; but *fortifies and supports it*, by answering and removing the bar interposed by the plea."

Under these authorities the demurrer to the third plea will be overruled; that to the fourth replication having been abandoned, will be overruled; with fifteen days' leave to file other pleadings to the third and fourth replications.