## McClurg *versus* Price & Sims.

1. McClurg being in possession leased a house (at an annual rent payable quarterly) to Price who took possession, McClurg retaining possession temporarily of part, to be delivered when Price demanded it. Price demanded possession of the part, which McClurg would not give: *Held*, not to be an eviction.

2. There may be eviction without actual expulsion, but not without an antecedent possession by the lessee.

3. The lessees had no right to remove the plaintiff's goods from the house as a remedy for his refusal to perform his contract.

4. After the demand for possession of the retained part, the lessee continued in possession of the remainder. This was not a waiver of his rights under the contract.

5. The contract of leasing was entire, and the plaintiff was not entitled to recover any portion of the rent.

6. A contract is entire if the consideration be single, whatever be the number or variety of items embraced in its subject.

7. There can be no recovery for the part-performance of an entire contract, unless complete performance has been prevented or waived by the other party.

8. The lessor having failed to perform his contract, he could not recover either on his contract or for use and occupation.

November 6th 1868. Before THOMPSON, C. J., AGNEW, SHARS-WOOD and WILLIAMS, JJ. READ, J., absent.

Error to the District Court of *Allegheny county:* No. 56, to October and November Term 1868.

This was an action of assumpsit, commenced March 26th 1866, by W. T. McClurg against Mary C. Price and William H. Sims, trading as Price & Sims.

The first count of the declaration averred that the plaintiff, on the 15th day of April 1866, leased to the defendants a warehouse for seven and a half months, at the rate of $1500 per annum, payable quarterly, the first quarter to be computed from April 1st.

The second count averred, that on the 20th of March the defendants were indebted to the plaintiff in the sum of $900, for

the use and occupation of a warehouse. The declaration contained also the common counts.

On the trial, before Hampton, P. J., the plaintiff gave evidence of the occupancy by the defendants of his warehouse and rested. The defendants then called W. C. Robertson, who testified: That a lease was agreed upon between the plaintiff and defendants for the warehouse in question at the annual rent of $1500 per annum for the whole building, payable quarterly; the defendants were to get possession of all but the fourth and fifth stories on the 12th of May 1866, and of the fourth and fifth stories whenever they should want them. There were some old iron, &c., on the premises belonging to the plaintiff, which were to remain in the fourth and fifth stories till "the defendants needed those rooms." The defendants did not get possession of the cellar; it was "lumbered up" with old iron, &c., belonging to the plaintiff. The plaintiff sold the good-will as part of the consideration. Defendants had the privilege of renting for another year on the same terms. John Brisbin testified: The plaintiff occupied part of the second story, with ironware; the fourth and fifth stories were occupied entirely by him. The defendants frequently between May and August told the plaintiff that they wanted the fourth and fifth stories, and would not pay rent unless they got them; plaintiff passed off these requests in a careless way—did not say much and did not give possession of those stories; he was there generally every day from morning till evening; he sold some of his goods from the store during the time. The defendants abandoned the premises about the last of November 1866, for want of room.

The plaintiff requested the court to charge the jury:—

"1. That merely leaving wares and rubbish in portions of the leased building would not be an eviction in law of the lessees, but they would have the right to remove said goods at the expense of the landlord, treating them as they might have done the property of third parties.

"2. That if the jury find from the evidence that the defendants continued in the enjoyment of the larger and more valuable portions of the building, after their alleged demand for possession of the fourth and fifth stories, such conduct is a waiver of any right to treat such possession by the plaintiff as an eviction; and defendants will be liable for a proper rent for the premises actually enjoyed by them."

The points were answered in the charge and substantially denied.

The defendants asked the court to charge:—

"1. That the facts in evidence showed an eviction in law before any rent had fallen due.

"3. That having made a special contract for the rent of the entire building for a year, plaintiff cannot set that contract aside

[McClurg *v.* Price.]

and bring this action for use and occupation, and recover rent for that part of the building occupied by defendants."

The court affirmed both these points.

The court, after stating the evidence to the jury, charged:—

" These facts, they contend, if proved to the satisfaction of the jury, will constitute a full and valid defence to the plaintiff's action, for the following reasons : 1. Because they constitute an eviction in law, before any rent had fallen due.  But if this position be not sustained, then, 2. That the plaintiff refused, after request, to deliver them the entire possession of the demised premises, and as the plaintiff cannot take advantage of his own wrong in refusing to comply with his contract, by apportioning the rent, the law will not do so for him.  3. That having made a special contract for the rent of the entire building for a year, he cannot set that contract aside and bring this action for use and occupation, and recover rent for that part of the building occupied by the defendants.

[" If you find from the evidence that the contract, as testified to by Mr. Robertson, was entered into by the parties, and that the defendants entered into possession under the same ; and that the plaintiff was repeatedly requested by them to give them the possession of the fourth and fifth stories, before any rent had fallen due ; that he gave them no definite answer, but put them off from time to time, without any positive refusal, leaving them to infer that he would do so ; and that they were finally compelled, for want of room to carry on their business, to rent another house, and moved out in the latter part of November ; then we instruct you, that the plaintiff is not entitled to recover in this action for use and occupation for the time the defendants occupied a portion of the building, and your verdict ought to be for the defendants.]

" But if there was no such special contract, but the defendants entered merely with the consent of the plaintiff, then they are liable to pay a fair rent for the use of such portions of the building as they occupied."

The verdict was for the defendants.  The plaintiff removed the case to the Supreme Court and assigned for error the disaffirmance of his points and the portion of the charge in brackets.

*G. Shiras, Jr.*, for plaintiff in error.—The plaintiff might recover for use and occupation, although there was a special contract: 1 Chitty's Pl. 343, n. 4; Egler *v.* Marsden, 5 Taunt. 25; Bird *v.* Wright, 1 Term Rep. 378; Mackey *v.* Robinson, 2 Jones 170; Pott *v.* Lesher, 1 Yeates 576; Henwood *v.* Cheeseman, 3 S. & R. 500; Brolasky *v.* Ferguson, 12 Wright 435; Clement *v.* Youngman, 4 Id. 342.  To establish an eviction, entry by the tenant and expulsion must be proved: Bennet *v.* Bittle, 4 Rawle

339; Tiley v. Moyers, 7 Wright 404. The defendants waived their right arising from an eviction, if any, by holding over: Taylor on Landlord and Tenant 273–275; 1 Washburne on Real Property 352.

*D. Reed*, for defendants in error.—The statute 2 George 2, ch. 19, Roberts's Dig. 237, although sustaining an action for use and occupation, notwithstanding there may be a parol demise, will not allow a recovery where the terms of the contract have not been performed by the lessor. The contract was entire, and the lessor cannot take advantage of his own wrong and recover for part: 1 Washburne on Real Property 345; Martin v. Schoenberger, 8 W. & S. 368, 369; Harris v. Ligget, 1 Id. 306; Shaw. v. The Turnpike Co., 2 Penna. R. 454. There may be a constructive eviction: Taylor on Landlord and Tenant, § 378 (and in note), 380; Shaw v. The Turnpike Co., 3 Penna. R. 446; Dyett v. Pendleton, 8 Cowen 731; Ogilvie v. Hull, 5 Hill 52; Edgerton v. Page, 6 Smith's N. Y. Rep. 284; Eldridge v. Knott, Cowper 214; Tiley v. Moyers, 7 Wright 410; Lewis v. Payn, 4 Wendell 423; Briggs v. Thompson, 9 Barr 339; 7 Bacon's Abridgment, tit. *Rent*, letter M.; Kessler v. McConachy, 1 Rawle 442; Linton v. Hart, 1 Casey 196; Reed v. Ward, 10 Harris 150; Vaughan v. Blanchard, 1 Yeates 176.

The opinion of the court was delivered, January 4th 1869, by
WILLIAMS, J.—The plaintiff's retention of a part of the demised premises, and his refusal to deliver possession thereof to the defendants, on demand, in accordance with the terms of his verbal lease, did not constitute an eviction in law. It is doubtless true that there may be an eviction without an actual physical expulsion; but there can be no eviction, actual or constructive, without an antecedent possession. If this case turned on the question of eviction, the plaintiff might be entitled to recover rent for the portion of the premises actually enjoyed by the defendants. But it does not turn on this point. The evidence shows, and the jury have found, that the plaintiff leased his warehouse to the defendants, at an annual rent of $1500, payable quarterly; that at the making of the contract, he delivered to them possession of the three lower stories, and agreed to give them possession of the cellar and of the fourth and fifth stories, on demand; that he refused to deliver possession thereof, although repeatedly requested; and that the defendants were finally compelled, for want of room, to abandon the premises and to rent another house for the transaction of their business.

Notwithstanding the plaintiff's deliberate and persistent refusal to perform his contract, he claims the right to recover compensation for the use and occupation of the portion of the demised pre-

mises actually enjoyed by the defendants, on the ground that they had the right to treat his goods as they would those of a stranger, and to remove them at his expense.   But if the right be conceded, it does not follow that the defendants were bound to exercise it to the exclusion of all other remedies which the law gave them for the redress of the plaintiff's breach of his contract, or that their failure to exercise it will prevent them from setting up any defence to his claim for rent which they might otherwise make.   But the defendants had no right to remove the plaintiff's goods.   The law gave them no such remedy for his refusal to perform his contract. The evidence not only shows that his goods were in the portion of the demised premises which he withheld from the defendants, but that he was in the daily occupancy thereof for the purpose of selling his goods, and that he made sales from time to time, although part of the consideration of the stipulated rent was the good-will of his business.   If the defendants had ejected the plaintiff and turned his goods into the street, or removed them elsewhere, they would have been guilty of a trespass for which his breach of the contract would have afforded them no justification. Nor was their continuance "in the enjoyment of the larger and more valuable portion of the building," after their demand for possession of the residue and its refusal by the plaintiff, a waiver of any of their rights under the contract, or of any defence they might have to the plaintiff's demand for rent, arising from his breach of the contract.

The jury have found that when the defendants demanded possession of the residue of the demised premises, the plaintiff gave them no definite answer, but put them off from time to time, without any positive refusal, leaving them to infer that he would comply with their request.   And if the jury had not so found, the plaintiff was bound to perform his contract, and is answerable for all the legal consequences of its breach, unless its performance was actually waived by the defendants.   Their continuance in the possession of the three lower stories, after the plaintiff's refusal to deliver possession of the residue of the building, did not in itself amount to a waiver of their right to insist upon a strict performance of the contract.   They had the undoubted right to retain possession of the three lower stories, and to hold the plaintiff responsible for his failure to deliver possession of the cellar and of the fourth and fifth stories, as required by his contract. The only question, then, under the facts of this case, is : Was the plaintiff entitled to recover any portion of the stipulated rent under the count for use and occupation ?   He leased his warehouse to the defendants for an entire consideration, and his contract must therefore be regarded as an entirety.   If the consideration is single, the contract is entire, whatever the number or variety of the items embraced in its subject.   The principle is too

[McClurg *v*. Price.]

well settled to admit of doubt, and too familiar to require the citation of authorities in its support, that for the part performance of an entire contract there can be no recovery, unless complete performance has been prevented or waived by the party entitled to demand it.

If the plaintiff had performed his contract he might have recovered on the count for use and occupation, under the statute of 11 Geo. II. ch. 19, which is in force in this state (Rob. Dig. 237), but having failed to perform it he was not entitled to recover, either upon a count on the contract of lease, or upon the statutory count for use and occupation.

The learned president judge of the District Court was therefore clearly right in instructing the jury that, if they found the facts to be as stated in the charge, the plaintiff was not entitled to recover in this action for use and occupation for the time the defendants occupied a portion of the building, and their verdict must be for the defendants.

Judgment affirmed.