## THOMAS J. GIBSON, ADM'R, v. W. J. MULLICAN.

(Case No. 1038.)

1. LANDLORD AND TENANT.— There was no such privity between a landlord and the sub-tenant, arising merely from that relation, as would subject the sub-tenant to liability for the debt of the tenant from whom he has leased, to the landlord, there being neither privity of contract or of estate between them. Pasch. Dig., arts. 5027, 5028.

2. SAME — PLEADING.— The pleading of a landlord who sought to justify his seizure of the crop of a sub-tenant under a distress warrant issued under the statute in

force in 1873, alleged an agreement that all the crops raised by the sub-tenant should be held subject to the payment of the landlord's rent; but they failed to state with what party the sub-tenant had such agreement. *Held*,

(1) That under the rule which requires a plea to be construed most strictly against the pleader, the agreement will be regarded as having been made between the tenant and sub-tenant, and not with the landlord.

APPEAL from Freestone. Tried below before the Hon. W. D. Wood.

Suit by W. G. Mullican against D. A. Self, during his life-time, on the 17th day of November, 1873, to recover damages for the alleged wrongful seizure and sale by deceased of certain corn and cotton which plaintiff alleged to be his property. The seizure and sale were made under distress warrant issued in favor of the plaintiff as landlord, against one J. B. Runnels, who had rented the farm of Self for the year 1873, and who was at that time occupying a portion of the premises under his lease. The plaintiff alleged that he was also a tenant on the premises, as was also one Hendricks, from whom he had purchased the crop of corn which he had raised on the place; that Self had levied on plaintiff's cotton and corn thus raised by himself and Hendricks, and sold it to satisfy the rental contract of Runnels with him, to plaintiff's damage.

The defendant having died during the pendency of the suit, the administrator of his estate set up as a defense to plaintiff's action, that he had rented the entire farm to Runnels for the year 1873; that the plaintiff had rented a portion of the premises from Runnels; that he so rented with full notice of the contract between the deceased and Runnels, and certain other allegations which the opinion sufficiently indicates.

The plaintiff's exceptions to the answer as amended, before and at the trial, were sustained by the court.

Judgment was rendered in favor of the plaintiff for damages. Defendant appealed, and assigned as error the ruling of the court in sustaining the exceptions to his answer.

*Thos. J. Gibson*, for appellant.

I. When the owner rents lands to a tenant, and such tenant sub-rents a part of the lands to a third party who has notice of the terms of the contract between the landlord and his immediate tenant, all the produce raised upon such rented premises, whether by the original or the sub-tenant, is liable for the rents due the landlord under the original contract.

II. When a sub-tenant enters upon premises under an agreement

and with the understanding that the produce raised by him upon such premises is to be held responsible for the rents due the landlord by the original tenant, and it appears that without such agreement and understanding he would not have been permitted to enter upon and occupy such premises, he is estopped from denying or contesting the right of the landlord to hold the produce raised by him upon the rented premises responsible for the payment of the rents due by the original tenant to the landlord. Story's Equity, sec. 1546; Burleson v. Burleson, 28 Tex., 416; Mayer v. Ramsey, 46 Tex., 374, and authorities there cited.

*Theo. G. Jones*, for appellee.

WALKER, P. J. COM. APP.— The sole question presented by this appeal is, whether there exists such privity of contract or of estate as entitles the landlord to enforce by distress warrant his remedy for rent due from his tenant against the property of the sub-tenant on the premises, and which property consists of produce raised by the sub-tenant on the portion of the rented premises which has been under-let to him by the tenant.

There is no such privity between the landlord and the sub-tenant, arising merely from that relation, as will subject the sub-tenant to liability for the debt of the tenant from whom he has leased, to the landlord, there being neither privity of contract nor estate between them. See Taylor's Landlord and Tenant, sec. 16: Harvey v. McGrew, 44 Tex., 415.

"When a lease contains no covenant or stipulation against the sub-letting of the premises, a tenant in possession under it may sublet the entire premises, or a part thereof, to another, to be used for any purpose not inconsistent with the demise to him, or may assign the lease or his interest in the premises." See Wood on Landlord and Tenant, p. 113, sec. 85. "But the sub-tenant is the tenant of his lessor, and not of the original landlord." Id., p. 113.

The defendant's answer alleges that plaintiff entered upon the rented premises with a full knowledge of all the terms of the contract between the deceased and Runnels (the tenant who rented from the deceased the whole of the premises), "and that he took possession of that part of the premises occupied by him under an agreement and with the understanding that all the corn and cotton raised on said farm during the year should be held responsible for the rents so due by the said Runnels to his landlord, Self. That it was in consequence of this understanding and with the agreement on the part

of plaintiff that the crops so raised on said farm should be held liable for the rents due by Runnels to deceased, that he (plaintiff) was permitted to enter upon, occupy and cultivate a part of said farm. That had it not been for the agreement aforesaid he would not have been permitted to enter upon, use and enjoy said farm as aforesaid."

These allegations do not assert the existence of any contract, agreement or understanding had by the plaintiff with the landlord, Self; they do not directly state with whom the agreements and understandings specified in the answer above quoted were had. The amended answer alleges, however, that the plaintiff and Hendricks sub-leased portions of the farm from the defendant Self, from Runnels, who had leased the entire farm for the year 1873. The contract set up by the plaintiff was therefore one which he made, not with Self, but with the tenant; and the plaintiff's pleadings being construed most strongly against himself, it will be intended that the agreements and understandings referred to in his trial amendment related to what transpired with Runnels in making the contract of sub-letting of a portion of the farm to the plaintiff. Consequently no privity of contract or estate can be assumed to have been shown between plaintiff and Self, by reason of any facts alleged in the several answers filed in the cause.

The rights of the parties accrued under the rent laws in force in 1873. See Pasch. Dig., arts. 5027, 5028. Since that period it has been enacted by the legislature that, "if lands or tenements are rented by the landlord to any person or persons, such person or persons renting said lands or tenements shall not rent or lease said lands or tenements during the term of said lease to any other person, without first obtaining the consent of the landlord, his agent or attorney."

This case was not affected, however, by any similar legislation qualifying the tenant's right to lease the rented premises, or portions of it, to other persons.

The judgment ought to be affirmed.

AFFIRMED.