### T. C. FORREST V. T. B. DURNELL ET AL.
#### No. 136.

#### ·1. Landlord and Tenant—Statutory Lien.

Article 3121, Revised Statutes (Sayles' edition), prescribes that tenants under a lease contract "shall not rent or lease said lands or tenements during the term of said lease to any other person without first obtaining the consent of the landlord. his agent or attorney." This has application to sublettings as well as assignments by lessees............. 649

#### :2. Assignees and Undertenants.

The relation of landlord and tenant strictly does not exist unless there be a reversionary interest in the former; out of this arises the distinction between assignments and underleases. If a lessee parts with his whole term in all the rented premises, no reversionary interest remains in him, and a person taking through him is an assignee, liable as the original lessee. If the lessee rents parts to different persons for the entire term, such holders are also assignees, and so far liable as the original lessee. A subtenant is one who leases all or part of the rented premises for a term less than the original term ..................... 649

#### ·3. Tenant—Assignee—Subtenant.

A tenant is one who occupies the lands or premises of another in subordination to that other's title. and with his assent, express or implied. This is recognized as a definition of the word *tenant* in the statute, and includes lessee, assignee, or subtenant.......................... 650

#### 4. Notice of Landlord's Lien.

The statute informs all tenants that they can acquire no right to use premises without the landlord's consent, and of the further fact that the law gives him a lien on all the products of the land to secure the rent. Whatever contract an assignee or undertenant may make with the original lessee, he must be understood to assume toward the lessor the relation of tenant. and consent to the statutory lien. The lessee can not transfer the land freed from the lien........................ 651

#### ·5. Consent of Landlord.

If the landlord consents expressly or impliedly to the occupation of his land by an assignee or undertenant. the relation of landlord and tenant necessarily exists. If consent is not given, such assignee or undertenant, so far as the landlord and his rights are concerned, must be treated simply as employe of the lessee.............................. 651

**6. Statutory Lien for Rents.**

Under the statutes now in force a landlord has a lien on all the crops raised on the rented premises, unless this be surrendered by contract; and it matters not whether his premises be cultivated by the original lessee, his assignee, or subtenant ................................... 652

CERTIFIED QUESTIONS from Court of Civil Appeals for Fifth District, in an appeal from Ellis County.

*J. E. Lancaster* and *M. B. Templeton*, for appellant.—1. The only question presented in this case is, were defendants Robinson, Harrison, and Williams subtenants or assignees of the Durnell lease. The distinguishable difference between the two is only this: when the lessee conveys his entire term in the whole or a part of the premises, it is an assignment of the lease; but when he lets the premises for a less time than the period of his unexpired term, it is an underlease. Railway v. Settegast, 79 Texas, 262; 2 W. & W. C. C., sec. 713; 70 Texas, 176; Wood on Landl. and Ten., secs. 69, 74, 330, 341, 334; 16 Am. St. Rep., 274, and notes; 10 Am. St. Rep., 559; 32 N. Y., 197.

2. It is immaterial whether the rerenting is for the whole of the premises or only a part of the premises; if it is for the entire unexpired term, it is an assignment pro tanto. Tayl., 7 ed., sec. 443.

3. When there are several assignees, each holding certain portions of the estate severally, for the full unexpired term, they should plead and prove the amounts so held by them respectively; otherwise the court should render judgment against them jointly. Tayl. on Landl. and Ten., 7 ed., sec. 443.

4. The assignor of a lease remains liable to landlord for the rents, and also the assignees become liable to the landlord for all the covenants of the original lease. All are liable.

*Powell & Harding*, for appellees, cited: Rev. Stats., art. 3122; Harvey v. McGrew, 44 Texas, 412; Le Gierse & Co. v. Green, 61 Texas, 128; Tayl. on Landl. and Ten., secs. 16, 438, 443, 748; Wood on Landl. and Ten., secs. 94, 95, 330; 6 Laws. on Rights and Rem., sec. 2845; 4 Wait's Act. and Def., 248.

STAYTON, CHIEF JUSTICE.—Forrest rented to Durnell, for the year 1891, 87 acres of land, for which the latter agreed to pay $4 per acre.

Afterwards Durnell, for the same term, rented to Harrison 50 acres of the land at $4 per acre for so much as he cultivated in grain, and for that cultivated in cotton to pay one-fourth of the cotton raised on the land so used. To the other defendants Durnell rented the residue of the land for the year, they agreeing to pay him as rent one-fourth of the cotton and one-third of the grain raised.

On this state of facts the Court of Civil Appeals has certified seven questions for decision; and without considering them seriatim, the legal questions arising upon them will be considered in so far as they bear upon the rights of the parties.

The statute provides: " If lands or tenements are rented by the landlord to any person or persons, such person or persons renting said lands or tenements shall not rent or lease said lands or tenements during the term of said lease to any other person without first obtaining the consent of the landlord, his agent or attorney." Sayles' Civ. Stats., art. 3121.

This statute has application to sublettings as well as assignments by lessees, and was doubtless enacted to secure to the owners of lands the selection of persons to occupy and care for them, as well as to secure them the right to have none occupy their lands whose ability or willingness to pay the rents contracted for was not satisfactory.

Under the statute, persons renting lands or tenements stand as would they, in the absence of such a statute, under contracts containing covenants against sublettings or assignments; and on violation of the statute, the rights and remedies of parties are the same as would they be under such covenants, for under the statute they are implied.

Such remedies, however, a landlord may waive; and when he does so, his rights and remedies for collection of rent, as well as the rights and liabilities of the lessee and of persons to whom he may assign or sublet, must rest as at common law, except as controlled by statute.

At common law, in the absence of covenant forbidding, a lessee had the right to assign or sublet.

The relation of landlord and tenant strictly does not exist unless there be a reversionary interest in the former; and out of this arises the distinction between assignments and underleases. If a lessee parts with his whole term in all the rented premises, no reversionary interest remains in him, and a person taking through him is an assignee, liable to payment to the landlord as the original lessee contracted to pay. If he rents parts of it to different persons for the entire term, then such persons, to the extent of their several holdings, are also assignees, and in so far liable to the lessor just as was the original lessee. Railway v. Settegast, 79 Texas, 262; Tayl. on Landl. and Ten., 443.

A subtenant is one who leases all or a part of rented premises from the original lessee for a term less than that held by the latter, and in that case the lessee retains a reversionary interest. In such cases at common law a subtenant's property was subject to distress, while he was not liable on the contract between lessor and lessee.

At common law, however, the landlord had no lien on his tenant's property until distrained; while under the statute of this State he has a preference lien on all the crops raised on his rented premises, unless the

words "property of the tenant" are to be so restricted as to embrace only the property of the original lessee.    Sayles' Civ. Stats., art. 3107.

There may be some confusion in the decisions of the courts of this State as to the liability of the property of a subtenant for rent due by the lessee.

It was held, that a subtenant who occupied premises for the first two years of a term for three, and had paid to the lessee the rent due therefor, was not liable to the lessor on the contract between him and the lessee; and further, that a crop raised by him during the third year, he having become the lessee for that year by express agreement of all parties, was not subject to distress to secure payment of rent to the landlord for the two preceding years during which he occupied the land as a subtenant; but no question arose whether crops raised by him during the time he held as subtenant would have been affected by lien to secure the rent due to the lessor for those years.    Harvey v. McGrew, 44 Texas, 412.

It was again held, that a subtenant, in the absence of contract made by him, was not liable to a landlord.    Giddings v. Felker, 70 Texas, 176.

These cases have no immediate bearing on the questions certified.

In Gibson v. Mullican, 58 Texas, 433, it seems to have been the opinion of the court, that crops raised on rented land by a subtenant were not subject to distress, unless there was contract between the subtenant and landlord, whereby the former obligated himself to pay the rent; but that decision was made under the law in force prior to the statute herein before copied, and the opinion intimates that under the law now in force a lien on the crop raised by the subtenant would exist.

The same ruling was made by the Court of Appeals.    Lea v. Hogue, 1 W. & W. C. C., sec. 607; Knight v. Old, 2 Willson's C. C., sec. 79.

These cases proceed on the theory that there was no contract between the landlord and the subtenant; but the first of these cases seems to concede that such a rule could not be sustained if the contract between the lessor and lessee contained a stipulation against subletting or that crop of a subtenant should be subject to payment of rent.

In the more recent case of Stokes v. Burney, 3 Texas Civil Appeals, 219, it was held by a Court of Civil Appeals, that under the statute prohibiting a lessee to rent or lease lands without consent of his landlord, the crops of a subtenant were subject to the landlord's lien in the absence of such consent.

"A tenant is one who occupies the lands or premises of another, in subordination to that other's title, and with his consent, express or implied."    Wood on Landl. and Ten., 1.

We are of opinion that any person who sustains such a relation to property and its owner is, within the meaning of the statute, a "tenant" upon whose property it gives a lien to secure rent, whether such person be a lessee, an assignee, or only a subtenant.

No assignee of a lease or subtenant can be heard to say that he was ignorant of the terms on which the lessee held possession; nor can he be heard to say that it was his intention, without the landlord's consent, to deprive him of any right he would have had in or to the products of the rented premises if he had not entered upon and used the land. The statute informs them that they can acquire no right to use the premises without the landlord's consent, and of the further fact that the law gives him a lien on all the products of the land to secure the rent.

Under such circumstances, whatever contract an assignee or under-tenant may make with the original lessee, he must be understood impliedly to assume towards the lessor the relation of tenant, and to consent that the lien given by statute shall exist.

A lessee can not free himself or the products of leased premises from the lien given by statute, unless by contract with the lessor or payment of rent, and he certainly has no power to confer on any third person a right to use the land, freed from lien on its products.

If the landlord consents expressly or impliedly to the occupation of his land by an assignor or undertenant, the relation of landlord and tenant necessarily exists between him and such persons; for under the statute such holdings are illegal without such consent.

If the consent of the landlord be not given, such assignees or sub-tenants, in so far as the landlord and his rights are concerned, must be treated simply as employes of the lessee.

"The land and the crops to be grown can not be freed from the conditions imposed by law, nor can the lessor's rights be abridged by any subordinate contract of the lessee. He can pass no better estate nor confer any superior right to the use of the land than he possessed himself. If it were otherwise, the subletting in parts might defeat the security given under the statute and render it inoperative.

"The subtenant's crop may be under a double lien, that of the owner of the land and that of his immediate lessor; but the former is paramount, and the rent due on the primary lease must be satisfied." Montague v. Sorial, 89 N. C., 139; Agee v. Mayor, 71 Ala., 89; Steinhardt v. Bell, 80 Ala., 208; Wyatt v. Byron, 1 M. G. & S., 623.

If, however, a subtenant's property is subjected to payment of rent under the contract made between the lessor and lessee, then he may avail himself of this fact as a defense against the claim of the lessee against him, or he may make such fact the basis for affirmative relief if thus he has been made to pay more than he contracted to pay to the original lessee.

The rules considered are such as would be enforced in a court of law; but in a court of equity, even when no privity of contract exists between a lessor and a subtenant, the former is not remediless against the latter in all cases.

The rule in such cases is thus stated: "It is well known, that although a derivative lessee or undertenant is liable to be distrained for rent during his possession, yet he is not liable to be sued for rent on the covenant of the lease, there being no privity of contract between him and the lessor. But suppose the case to be that the original lessee is insolvent and unable to pay the rent; the question would then arise whether the underlessee should be permitted to enjoy the profits and possession of the estate without accounting for the rent to the original lessor. Undoubtedly there would be no remedy at law. But it is understood that in such cases courts of equity would relieve the lessor, and would direct a payment of the rents to the lessor upon a bill making the original lessee and the undertenant parties. For if the original lessee were compelled to pay the rent, he would have a remedy over against the undertenant; and besides, in the eyes of a court of equity the rent seems properly to be a trust or charge upon the estate; and the lessee is bound, at least in conscience, not to take the profits without a due discharge of the rent out of them." 1 Story's Eq., 687.

Under the statutes now is force a landlord has a lien on all the crops raised on the premises, unless this be surrendered by contract, and it matters not whether the premises be cultivated by the original lessee, his assignee, or a subtenant.

Delivered May 7, 1894.