MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V. R. E. KEAHY.

Decided November 26, 1904.

**1.—Landlord and Tenant—Notice—Subtenant.**

A subtenant is chargeable with knowledge of the terms of the lease under which the original lessee holds the property, but he is not liable to the owner of the property upon personal covenants contained in such lease, such as an agreement with relation to keeping insurance on the property, unless he has contracted to become so liable.

**2.—Parties—Proper but not Necessary.**

It is not reversible error for the court to refuse to permit a person to be made a party to the suit where such person, though a proper party, is not a necessary one.

**3.—Damages—Insurance—Transfer of Part of Claim.**

In an action against a railroad company for the value of property destroyed by fire through its negligence, the fact that plaintiff, under a subrogation clause in his policies of insurance on the property, had transferred a part of his cause of action to the insurance companies, would not debar him from a recovery where it appeared that he had an interest over and above that claimed by the insurance companies.

**4.—Charge—Request for—Refusal.**

The refusal to give a requested charge is not error where the issue sought to be presented by it is fully and fairly submitted in the main charge.

Appeal from the District Court of Rockwall. Tried below before Hon. J. E. Dillard.

*T. S. Miller* and *W. C. Jones,* for appellant.

*W. H. Allen and I. J. Austin,* for appellee.

BOOKHOUT, ÁSSOCIATE JUSTICE.—This is an action brought by appellee in the District Court of Rockwall County on the 4th of August, 1903, against appellant, for loss of a stock of goods occasioned by fire. Appellant alleges in his petition that on the 11th of June, 1902, he was the owner and in possession of a stock of goods in the town of Pate, in Rockwall County, which was contained in a one-story framed building located on the right of way of appellant in said town of Pate, and about six feet south or east from its track at said point. That by the negligence of the servants and employes of appellant in emptying live coals, cinders and fire from the furnace of one of its engines upon the exposed cross-ties on the roadbed of appellant at said place near said building, the said building took fire, and it, together with appellee's said stock of goods, was totally destroyed by fire. That the said goods of appellee, so burned and destroyed by said fire, consisted of furniture, wagons, farm implements and machinery of the cash value of $4,000, and he prayed for judgment accordingly.

Appellant answered by general and special exceptions, general denial and specially that the property destroyed was insured by the Fire Association of Philadelphia and the Hartford Fire Insurance Company at the time of the fire for $1,000 in such company, and that the loss had been adjusted, and that $884.70 was paid by the Fire Association of Philadelphia to appellee and $499.10 by the Hartford Fire Insurance Company in settlement of the loss.

That by virtue of and under the terms and stipulations contained in said policies of insurance, said adjustment of loss, the payments of said sums by said insurance companies, he, appellee, on said date, to wit, 30th of June, 1902, assigned and transferred to said insurance companies respectively all of his claim for damages resulting from said fire against appellant to the extent of said payments made by them, and that said insurance companies were the owners of said claim to the extent of said payments, and appellant prayed that said insurance companies be made parties to this suit.

Appellant further plead that the building in which appellee's goods were stored and destroyed by fire belonged to C. A. Price. That said building was erected on appellant's right of way and depot grounds by said Price under a written contract entered into between appellant and said Price on the 10th of August, 1895. That said building so erected on appellant's right of way and depot grounds was by the terms of said contract to ·be used and occupied as a seed house in connection with the transaction of the legitimate business of appellant and for the accommodation of its business interests for the term of one year from date, subject to be renewed by consent of parties thereto, unless sooner revoked by appellant, which renewal was made from time to time until

April, 1903, when it was canceled. For the privilege and permission granted by appellant to said Price, said Price was to pay $1 per annum and was to use said building and manage the business connected therewith so as to save appellant from any liability to any persons, and to save it harmless against any demand or claim made on account of the construction and maintenance of such building on the grounds of appellant, and was to keep said building and its contents fully insured for the benefit of appellant against any damage or loss by fire communicated in any manner from the locomotive or machinery of appellant or otherwise, and prayed that said Price be made a party to this suit and for a recovery over and against her for whatever sum or amount that appellee should recover against appellant.

Appellant also answered that said Price had the house insured in the Hartford Fire Insurance Company for $—— at the time of the fire, and that the same had been adjusted by the payment of $400 to her, and that said policy contained the subrogation clause, whereby said Price assigned and transferred to the said Hartford Fire Insurance Company all of her claim for damages by reason of said fire against appellant to the extent of $400, and prayed that said Hartford Fire Insurance Company be made a party to this suit.

The two insurance companies filed answers and prayed for judgment for the respective amounts paid in settlement of their policies. Appellee excepted to the making the insurance companies and Mrs. Price parties to the suit. The exception to making Mrs. Price a party was sustained, but the exceptions to the insurance companies being made parties were overruled. A trial resulted in a verdict and judgment for appellee for $2538.06, and the railway company alone appeals.

It is contended by appellant that the building burned was situated upon its right of way and depot grounds, and was constructed by Mrs. Price, its owner, under a written contract with appellant, and occupied by appellee as tenant of Mrs. Price at the time of the fire and loss, and that Mrs. Price is a proper, if not a necessary, party to the suit. Appellee's contention was that he was not a party to the contract entered into between appellant and Mrs. Price and had no notice of its existence, and consequently was not bound by its terms or stipulations. The contention that appellee, who was a subtenant under Mrs. Price, had no notice of the terms of the lease under which Mrs. Price held from the railway company can not be sustained. A subtenant is chargeable with knowledge of the terms of the lessee's lease. Such subtenant is not, however, liable to the owner upon the covenants contained in the contract between such owner and lessee, unless he has contracted to become so. Forrest v. Durnell, 86 Texas, 647.

The terms of the contract between Mrs. Price and appellant, by which she agreed to save the railway company harmless against any claim or demand on account of the construction and maintenance of said building upon its right of way and to keep the building and its contents fully insured for the benefit of appellant, were not required to be performed by appellee. They were the personal covenants of Mrs. Price. Appellee had not assumed the contract between appellant and Mrs. Price or agreed to be bound thereby. These covenants interposed no

defense to the cause of action set up by appellee. In fact it is not seriously contended in the brief of appellant that these matters constituted any such defense. Appellant does, however, insist that Mrs. Price was a proper party and that the court erred in sustaining the exception making her a party for the reason the railway company was entitled, under the terms of its contract with Mrs. Price, to a judgment over against her in the event the railway company was held liable to plaintiff (appellee).

It is clear that Mrs. Price was not a necessary party. It would have been proper to have permitted the appellant to make her a party and have determined in one suit the question of her liability to the railway company on the covenants in her lease. The action of the court, however, in refusing to permit her to be made a party does not furnish ground for reversing the judgment.

The appellant offered testimony to show that appellee had notice of the stipulations contained in its lease to Mrs. Price. The exclusion of this evidence was immaterial under the facts. As stated, the law charged appellee, he being a subtenant of Mrs. Price, with notice of the terms of her lease with the railway company. Appellee not having assumed her lease, was not bound to the railway company for its performance.

Appellant contends that the trial court erred in refusing to admit in evidence the transfers, made under the subrogation clause of the policies, of plaintiff's cause of action to the respective insurance companies for the amounts paid by them respectively. The action of the court in this respect presents no reversible error. This evidence furnished no defense to the action, and so far as the companies are concerned they are parties to the suit and bound by the judgment. The pleadings showed that plaintiff had an interest in the recovery over and above the interest claimed by the insurance companies.

There was no error in refusing the special charge asked by defendant: "That if you find and believe from the evidence that prior to the filing of this suit, the plaintiff, R. E. Keahey, had transferred and assigned all his right, title and interest in and to the subject matter of this suit to other party or parties, and should you find such to be the fact, then you are instructed that you will find for the defendant." The issue sought to be presented in this charge was fully and fairly submitted in the main charge.

The evidence was sufficient to justify the jury in finding that the fire was communicated to the burned building from cinders and coals emptied from the engine upon the roadbed of defendant, and that as a result of the fire plaintiff sustained damage in the amount of the verdict.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.