FORT WORTH FAIR ASSOCIATION ET AL. v. FORT WORTH DRIVING CLUB.

### Decided May 22, 1909.

**Contract of Lease—Tenant and Subtenant—Injunction.**

A contract of lease between a landlord and his tenant contained a stipulation that intoxicating liquors should not be sold on the leased premises; the tenant sublet the premises but made no stipulation against the sale of liquors thereon. Held, the tenant was not entitled to a writ of injunction to restrain the subtenant from the sale of intoxicating liquors on the leased premises. A subtenant is not liable on the contract between the landlord and the tenant.

Appeal from the District Court of Tarrant County. Tried below before Hon. Jas. W. Swayne.

*Mike E. Smith* and *Marshall Spoonts,* for appellants.—The Fair As-

sociation is a sub-tenant, not an assignee of the lease, and therefore not bound by covenants in original lease. Wooldridge v. Fort Worth & D. C., 86 S. W., 942, and authorities cited.

Sub-tenant not liable for breach of lessee's covenants. Woods, Landlord and Tenant, sec. 91.

*Q. T. Moreland,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—This appeal is from an order by the judge of the Seventeenth Judicial District granting a writ of temporary injunction, restraining the Fort Worth Fair Association and certain of its officers from permitting the sale of intoxicating liquors on the property hereinafter mentioned.

The Fort Worth Driving Club leased from David Evans a tract of land to be used as a driving track. This lease, which was in writing and for a period of fifteen years, contained a provision which expressly inhibited the sale of intoxicants on the land and stipulated that a violation of that restriction would work a forfeiture of the lease. The Driving Club by written lease sub-let the premises to the Fort Worth Fair Association for two weeks each year during a period of five years terminating before the expiration of the period covered by the original lease. The sub-lease contract contained no restriction against the sale of intoxicating liquors on the premises, and in that lease no reference was made to any of the terms of the original lease in favor of the Driving Club, although the Fair Association had notice at the time of the restriction in the original lease. In its petition filed in the trial court the Driving Club alleged that the sub-lease was made with the consent of Evans. The driving track was used as a race track by the Fair Association and the defendant gave public horse races upon it each year during the weeks covered by its lease. Upon these occasions, for the three years last past, intoxicating liquors were sold upon the grounds under a special permit from David Evans, who received a money consideration therefor additional to the rents provided in the original lease. But David Evans has since sold the property to R. G. Johnson, who refuses to grant a further permit so to do and who has notified the Driving Club that its lease will be forfeited if such sales are further permitted.

It is well settled by the authorities that a sub-tenant is not liable on the contract between the landlord and the original lessee, even though a lien exists in favor of the landlord for rents as against certain property of the sub-tenant. (Forrest v. Durnell, 86 Texas, 647.) The owner of the land is not a party to this suit, and to restrain the defendant from the sale of intoxicants upon the premises would be to enforce against it the restriction in the original lease, while under the sub-lease contract it would have the right, as against the plaintiff, so to do. We therefore hold that the judge of the trial court erred in granting the writ of temporary injunction against the defendant, and his order to that effect is reversed and the application for such writ is dismissed.

This renders it unnecessary to express any opinion upon the contention urged by appellant that, under the facts above noted, the stipula-

tion in the original lease for a forfeiture in case of a violation of the restriction as to use of the property, has been perpetually waived by David Evans, and that such waiver can be invoked against his assignee as well as against Evans.

*Reversed and dismissed.*

Writ of error granted and injunction reinstated.