### DOYLE v. SCOTT et al.

(Court of Civil Appeals of Texas. Jan. 28, 1911.)

1. LANDLORD AND TENANT (§ 80*)—SUBTENANT—NOTICE.

A subtenant is chargeable with knowledge of the terms of the lessee's lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 254–257; Dec. Dig. § 80.*]

2. LANDLORD AND TENANT (§ 80*)—SUBLESSEES—BREACH OF CONDITIONS OF LEASE.

A lessor may for any breach of conditions of the lease evict the lessee and his subtenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 254–257; Dec. Dig. § 80.*]

3. LANDLORD AND TENANT (§ 80*)—SUBTENANT—RIGHTS ACQUIRED.

A subtenant of a lessee in a lease permitting subletting may not on the termination of the lease for the insolvency of the lessee assert any rights against the lessor; the consent to subletting merely waiving the lessor's right to object to the subletting.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 80.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by W. J. Doyle against Winfield Scott and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Lattimore, Cummings, Doyle & Bouldin, for appellant. Stephens & Miller and Capps, Cantey, Hanger & Short, for appellees.

SPEER, J. The appellant, a subtenant of a certain room or place in the Worth Hotel building in Ft. Worth, in which he is operating a saloon, sought an injunction against Winfield Scott and another to restrain them from engaging in the sale of intoxicating liquors at another place in said building and otherwise from breaching the terms of complainant's lease from the Worth Hotel Company, the original tenants under whom complainant holds. After the execution of the lease by the Worth Hotel Company to complainant, the respondent Scott, who was the owner of the building, also became the owner of the Worth Hotel Company's lease by reason of the insolvency of that company, the appointment of a receiver, and the sale of its property. The district judge refused the injunction, and the complainant has appealed.

We find it unnecessary in the view we take of the case to enter into a consideration of the terms of the sublease whereby the Worth Hotel Company sublet to appellant a portion of the Worth Hotel property, since by the termination of the lease by which the company itself held appellant as subtenant thereunder is in no position to assert any right whatever as against the original lessor. It is true in the original lease it was expressly stated that the premises or any part thereof might be sublet. But this would not have the effect of making the subtenant liable to the original lessor on the lessee's covenants, nor the original lessor liable to the subtenant on the tenant's covenants. There is no privity of contract whatever between the original lessor and the subtenant; the consent to a subletting merely having the effect to waive the right of the original lessor to object to the subletting. It is well settled that a subtenant is chargeable with knowledge of the terms of the lessee's lease. Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481; M., K. & T. Ry. of Texas v. Keahy, 37 Tex. Civ. App. 330, 83 S. W. 1102; Peer v. Wadsworth, 67 N. J. Eq. 191, 58 Atl. 379. For any breach therefore of the conditions of the original lease the lessor is entitled to evict, not only his lessee, but the subtenant as well. Peer v. Wadsworth, supra; Geer v. Boston Little Circle Zinc Co., 126 Mo. App. 173, 103 S. W. 151; 1 Woods, Landlord and Tenant (2d Ed.) § 89; 1 Taylor's Landlord and Tenant (8th Ed.) § 109. Appellee has cited some authorities to the effect that a surrender of the lease by

the tenant will not have the effect of terminating a sublease entered into with the consent of the landlord. This is true, but for the very excellent reason that a surrender between the lessee and landlord is essentially a new contract (made with notice of the rights of the subtenant), and not a termination of the original lease for breach of its terms. There is no conflict in this holding and those of the authorities above cited, for all proceed upon the binding force of the terms of the original lease as to all parties having notice. The termination of the Worth Hotel Company's lease having put an end to appellant's rights which are necessarily asserted thereunder, we find it unnecessary to discuss any other question in the case, unless possibly it is that of an implied lease by appellee to appellant after the termination of the Worth Hotel Company's lease. But the trial judge's refusal of the writ of course implies a finding against appellant on this issue, and the evidence is such as to justify that finding.

We find no error in the judgment, and it is affirmed.