**Joe B. BOARD, Appellant,**

**v.**

**B & B VENDING COMPANY, Appellee.**

**No. 8480.**

Court of Civil Appeals of Texas, Amarillo.

July 15, 1974.

Ochsner & Baughman, Harold W. Ochsner, Amarillo, for appellant.

Sanders, Miller & Baker, Oth Miller, Amarillo, for appellee.

REYNOLDS, Justice.

Plaintiff's suit for damages for defendant's failure to renew plaintiff's sublease was summarily terminated when the trial court sustained the interposed defense that plaintiff did not timely exercise his option for renewal. Concluding that the defense was not established as a matter of law, we reverse and remand.

Defendant B & B Vending Company leased from Morris Raffkind a portion of a brick building located at 515 West 10th Street in Amarillo. The lease, evidenced by a written instrument, was for a primary term ending December 31, 1972. Defendant was granted the option to renew the lease for an additional period of thirty (30) months by giving Raffkind written notice of intention to renew at least sixty (60) days prior to the expiration of the primary term. Although defendant was

prohibited from assigning the lease or subletting the premises without the written permission of Raffkind, defendant was granted the privilege to sublease the premises for use as a lounge.

Thereafter, by written instrument, defendant sublet the same premises to plaintiff Joe B. Board to be used as a lounge or tavern for one year ending May 31, 1972. Defendant retained the concession for coin-operated machines on the premises. Prior to the expiration of this sublease, defendant, acting through its manager Theo Noble, and plaintiff executed on March 30, 1972, a new written lease agreement, again subletting the premises for the same use with the same concession retention, for the term beginning April 1, 1972, and ending December 31, 1972. This agreement was prepared, as were the other leases, on a printed form of lease with typewritten inserts. Entered by typewriting was the provision that

> "Lessor (defendant) grants Lessee (plaintiff) an option to re-new this lease for a period of 30 months after the expiration of its original term, on the same terms and conditions of this lease."

Following this typewritten insert were the printed conditions and covenants in the form lease, the ninth item of which reads:

> "9th. It is expressly understood that in the event that the Lessor herein shall not be the owner of the premises herein leased, but shall hold a lease of the property of which the demised premises are a part, then this sublease is and shall remain subject to all of the terms and conditions of such existing lease to the Lessor, so far as they shall be applicable to the premises herein leased."

Plaintiff did not give notice of his intention to renew the sublease before November 1, 1972, the sixtieth day before the expiration of the primary term of both leases. Defendant did not exercise its option to renew the Raffkind lease and, sometime after November 1, 1972, Noble notified plaintiff to vacate the premises on January 1, 1973. Shortly after that date, plaintiff quit the premises and brought this suit for his damages alleged to have resulted from the failure of defendant to honor the renewal option in the sublease.

After the depositions of Noble and plaintiff were taken, defendant moved for summary judgment with the additional aid of an affidavit executed by Noble. Defendant's theory of entitlement to summary judgment was and is that the terms and conditions of the Raffkind lease, and specifically its sixty day notice of intention to renew required of defendant, became incorporated in, and an operative part of, the sublease by virtue of the provisions of its paragraph 9 and plaintiff's personal knowledge of the Raffkind lease; and, when plaintiff failed to give defendant notice of his intention to renew the sublease at least sixty days before the end of its primary term, plaintiff forfeited his option to renew the sublease and defendant was under no obligation to renew the primary lease upon which the sublease depended. In brief, defendant says that since plaintiff held the sublease subject to the terms and conditions of the Raffkind lease of which he had knowledge, plaintiff was required to give defendant the same sixty day renewal notice that defendant was required to give Raffkind. Of importance to the issue is defendant's position that the instruments themselves produce this legal effect, there being no contention that the intention of the parties in executing the sublease has any controlling effect.

The trial court granted summary judgment. The parties are agreed that the validity of the summary judgment depends on whether the sublease, as a matter of law, contractually bound plaintiff to give defendant notice of his intention to renew the sublease at least sixty days prior to the end of its primary term.

■ The written agreement between plaintiff and defendant is a sublease and not an assignment of the Raffkind lease.

Therefore, there is no privity of contract between plaintiff and Raffkind, and plaintiff is no more than a stranger to the renewal provision in the original lease. Zeidman v. Davis, 161 Tex. 496, 342 S.W. 2d 555 (1961). Thus, plaintiff's right to renew must depend on the provisions in the sublease.

■ By its own detached language, the option given plaintiff to renew the sublease is not conditioned on nor limited by any definite time of notice. Absent a specific provision fixing the time for exercise of the option to renew, the option continues during the entire period of the primary term. 51C C.J.S. Landlord and Tenant § 59. Consequently, the language of the option itself accorded plaintiff the privilege of giving his renewal notice at any time during the primary life of the sublease, unless it can be said, as defendant maintains, that paragraph 9 of the sublease incorporates therein the sixty-day-notice requirement of the Raffkind lease of which, defendant claims, plaintiff had personal knowledge.

■ The tenor of paragraph 9 is that the sublease shall be subject to all of the terms and conditions of the Raffkind lease so far as they shall be applicable to the premises. Whether plaintiff had personal knowledge of those terms and conditions, even though he admitted he knew of the existence of the lease, was not established by the summary judgment proof. Nevertheless, we think the matter of personal knowledge is immaterial as the controversy is now positioned. Although it has been written that a subtenant is chargeable with knowledge of, and is not allowed to claim ignorance about, the terms of his lessor's lease, Forrest v. Durnell, 86 Tex. 647, 26 S.W. 481 (1894), it has been stated that such knowledge is only referable to controversies where the original lessor's rights, subject to which the subtenant obviously holds, are involved, and that otherwise the subtenant is not bound in law to take notice of the terms and conditions of the

original lease. Frankfurt v. Decker, 180 S.W.2d 985 (Tex.Civ.App.—Dallas 1944, no writ). Be that as it may, the subtenant, even with knowledge of the terms of his lessor's lease, is neither liable on, nor able to take advantage of, the covenants in the original lease because of the lack of privity of contract, unless he has contracted to the contrary. See Zeidman v. Davis, supra; Oriental Oil Co. v. Lindsey, 33 S.W.2d 768 (Tex.Civ.App.—Waco 1930, no writ); Missouri, K. & T. Ry. Co. of Texas v. Keahey, 37 Tex.Civ.App. 330, 83 S.W. 1102 (1904, writ ref'd).

■ The question, then, is: Does paragraph 9 of the sublease contractually obligate plaintiff as a matter of law, in order to timely exercise his option which was not coupled with a definitive time of notice, to give defendant the same sixty day notice that defendant was required to give Raffkind? We think not.

Paragraph 9 neither converts the sublease into an assignment of, nor constitutes a contract whereby plaintiff became bound by the covenants in, the original lease; rather, the verbage merely is a reference to the paramount rights of Raffkind subject to which plaintiff, chargeable with knowledge thereof, held the premises. This, then, is the extent to which the terms and conditions of the Raffkind lease are applicable to the premises. Under defendant's contention that the paragraph binds plaintiff to the covenants in the Raffkind lease, the paragraph becomes an assignment of the Raffkind lease and, clearly, that is not the character of the agreement between these parties.

■ Defendant suggests that under paragraph 9 plaintiff must be bound, as a matter of law, by the same sixty day notice required of defendant to prevent defendant from being placed in an intolerable position. The position envisioned is that defendant must either exercise its option and renew its lease without knowing if appellant intends to retain the premises, or de-

cline to exercise its option to renew and become liable to plaintiff for damages if plaintiff later gives notice of intention to renew the sublease. The immediate answer to that suggestion is that defendant, aware of the requisite notice required of it, could have protected itself by requiring plaintiff to exercise his option in sufficient time for defendant to act intelligently. Moreover, we accept as correct the statement made in plaintiff's brief and not denied by defendant that defendant prepared the sublease. Rule 419, Texas Rules of Civil Procedure. This fact especially militates in favor of bringing the issue here within the general rule that the sublease will be most strongly construed against the sublessor, because it had the power to stipulate in its own favor and omitted to do so. Pickrell v. Buckler, 293 S.W. 667 (Tex.Civ.App.—El Paso 1927, writ ref'd 116 Tex. 567, 296 S.W. 1062 (1927)).

Since defendant failed to establish its defense as a matter of law, the summary judgment is reversed and the cause is remanded for resolution of the material fact issues.